THELUS TODD AND OTHERS *vs.* JOEL AUSTIN AND OTHERS.

Under the flowage act (Revision of 1866, p. 89,) a petitioner can include in a single petition all persons as respondents who have lands that will be overflowed by the mill pond sought to be established.

And it makes no difference that one of the respondents resides and his land lies out of the county in which the suit is brought, if lands of other respondents embraced in the petition lie within the county in which the suit is brought.

PETITION under the flowage act for authority to raise a mill dam, and for the assessment of damages to sundry owners of lands which would be overflowed thereby. The suit was brought to the superior court in New Haven county, and the several land owners were made respondents. Joel Austin, one of the respondents, filed the following plea in abatement :—
" That he ought not to be required to make answer to the same, because he says that he is, and was at the time of the

bringing this suit, and ever since has been, a resident of the town of Durham, in the county of Middlesex, and that the land referred to in said bill as belonging to this respondent, and every part thereof, lies entirely within the limits of said town of Durham, in the county of Middlesex, and no part of the same lies within the limits of the county of New Haven ; and therefore he says that this court has no jurisdiction of this defendant, nor of said land so belonging to him as aforesaid, but that said suit, as to this respondent and his said land, should have been brought before the superior court within and for the said county of Middlesex, and not before this court." The petitioners demurred to this plea. And the respondents severally demurred to the petition, because it joined them as respondents when they had no joint interest in the several parcels of land embraced in it.

The court (*Loomis, J.,*) held the plea in abatement sufficient and the petition insufficient, and dismissed the petition. The petitioners thereupon filed a motion in error and brought the record before this court for revision.

*Watrous* and *Rogers,* for the plaintiffs in error.

*Blackman,* for the defendants in error.

McCurdy, J.* In view of the large amount of capital invested in the manufacturing business, the great number of persons supported by it, the prosperity which it has conferred upon the state, and the still greater advantages anticipated from it, the legislature has deemed that a special act to encourage and extend it is required by public policy.

The law of 1864 provides that when any person shall wish to erect a dam for working a water-mill, " which dam would flow water upon land belonging to any other person, he may obtain a right to flow said land upon the terms and conditions expressed in the act." He may bring his petition to the superior court for the county where the land to be overflowed or

---

* This case having been submitted on briefs, Judge McCurdy took part in the decision, although not present at the term.

any part of it lies, which petition shall contain such a descrip-
tion of the land to be overflowed, and of the dam, its location
and proposed height, as that the record will show with cer-
tainty the matter that shall be determined," &c.   A commit-
tee is thereupon to be appointed, and if they shall be of opin-
ion that the flowing of such land in the manner proposed
will be for the public use, they are to establish the height
of the dam and the length of time in each year for keeping it
up, and assess the damages.   Upon the return of the report
of the committee any person interested therein may object to
the acceptance of the same for any irregularity or improper
conduct, and the court may set it aside for such cause or for
any just and reasonable cause, and may also, notwithstanding
the finding of the committee, decide whether the dam is for
public use or not.

The first question is, whether the respondent Austin, living
and owning land to be overflowed in Middlesex county, is
liable to be sued in the county of New Haven.   It is agreed
that part of the land to be overflowed lies in New Haven
county, and by the express terms of the law the suit is
allowed to be brought there.   It follows of course that if the
respondent is a proper party to the suit he is bound to meet
it in the county where it is properly brought.   If the proceed-
ing had been against Austin alone there would probably have
been no question on this point.

But there is a second objection taken by all the respondents,
that they have no joint interest in or title to the lands men-
tioned in the petition, and that they can not legally be joined
in it.   This position we think is incorrect.

The principal subject-matter in dispute in the case is
whether the proposed dam will be for the common good, and
this embraces the amount of benefits as compared with the
sum of the injuries to all persons who are affected by it.   All
the owners of lands which are to be overflowed have a com-
mon interest in this subject.   They have a common interest
also in the incidental questions, such as the height of the dam,
its location, the time of keeping it up, &c.   It is only in rela-
tion to their respective damages that their interests are sev-

eral. Their position is similar to that of owners of land proposed to be taken for a highway. In fact the whole proceedings in the matter are intended to be and are analogous to the mode of laying out a highway. There need be but one suit. All persons interested may appear and be heard, and the decision is declared to be final and conclusive in the matter, except upon the question of damages. The statute contemplates a union of all the parties so far as their interests are joint, and allows them to sever when their interests demand it. Public notice of the time and place of hearing before the committee is required to be given according to an order of the court. How far parties interested who had no actual notice, and who did not appear, would be affected by the decision, there is no occasion to discuss.

Without the construction which we adopt it would be utterly impossible that the law should be carried into effect. If there must be distinct suits between different parties, in different counties, tried before different committees and courts at different times, there might be the utmost confusion and contradiction among the different decisions. In one case it might be held that the dam would be of common use, and that the height should be five feet, and the time of keeping it up six months in the year; in another, that it would be of common use, and might be raised ten feet, and kept up all the year; and in a third case, that the dam would not be of public benefit, and that it should not be erected at all. And each result is to be final.

On the other hand we see no difficulty, either in principle or practice, arising from the view which we take of the law.

We think there is manifest error in the decision of the superior court.

In this opinion the other judges concurred.